IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIAS SLEIMAN, individually and on                :        CIVIL ACTION
behalf of others similarly situated,              :
                                                  :
              Plaintiffs,                         :        NO. 09-0414
                                                  :
       v.                                         :
                                                  :
DHL EXPRESS,                                      :
                                                  :
              Defendant.                          :

## OPINION AND ORDER

Slomsky, J.                                                         April 27, 2009

### I. Introduction.

On January 29, 2009, Plaintiff Elias Sleiman, individually and on behalf of others similarly situated, filed a complaint against Defendant DHL Express, seeking compensation for alleged unpaid wages, overtime, liquidated damages, attorney's fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 et seq. Plaintiff sought compensation for time spent waiting to go through security at Defendant's facility, time spent going through security, and time spent walking between security and the time clock where employees clock in and out. Defendant DHL Express filed a Motion to Dismiss (Doc. No. 6) on March 31, 2009. Plaintiff filed a Response (Doc. No. 9) to Defendant's Motion to Dismiss on April 14, 2009. Defendant filed a Reply (Doc. No. 10) to Plaintiff's Response on April 21, 2009.

Defendant DHL Express' Motion to Dismiss the Complaint in its entirety is before the Court. For reasons that follow, the Court grants the Motion to Dismiss. Because this Court deems that

amendment would be futile, the Complaint is dismissed with prejudice.

## II.  General Background.

Defendant DHL Express operates a mail sorting facility in Breinigsville, Pennsylvania, and employs about 400 sorters, yard jockeys, and others ("Mail Workers").  (Complaint ¶17).  Plaintiff is a mail worker and seeks to represent Mail Workers who have been employed by Defendant during the past three years.  (Id. ¶18).  It is undisputed that Defendant has paid Plaintiff and prospective class members ("Class Members") for the time that they engage in actual production activities.  (Id. ¶19).  Pursuant to Defendant's internal policy, Class Members are randomly selected on a daily basis to proceed through a security screening before clocking in and after clocking out.  (Id. ¶20).  Class Members are not compensated for time spent waiting for the security screening process or for time spent clearing the security process.  (Id. ¶21).  Class Members are also not compensated for the time it takes for them to walk from the entrance to the time clock at Defendant's facility and the time it takes to walk from the time clock to the exit.  (Id. ¶22-23).

Plaintiff has brought a two-count complaint, alleging violations of the FLSA and WPCL. Plaintiff alleges that failure to compensate Class Members for the following three activities was a violation of these statutes: (1) waiting in line to go through security screening before entering and exiting Defendant's facility; (2) participating in the security screening itself; and (3) walking between the security screening area and time clocks where Mail Workers clock in and out.  (See Complaint generally).  Plaintiff seeks an award of damages in the form of reimbursement for unpaid wages, costs and attorneys fees, and other equitable relief.  (Id. ¶27, 26[1]).

---

[1] This paragraph is misnumbered in the Complaint and should be paragraph 30.

### III. The Motion to Dismiss Standard.

Defendant DHL Express has moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning that this statement of Rule 12(b)(6) standard remains accurate following the U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007)).  To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 234.  This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Id.  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  Hunt v. United States Tobacco Co., 538 F.3d 217, 227 (3d Cir. 2008) (internal quotation omitted).

### IV.  Discussion

Defendant DHL Express claims that Plaintiff's Complaint fails to state a claim under the FLSA as a matter of law because the activities for which he seeks payment are non-compensable preliminary and postliminary activities under the FLSA.  The Court will first address the relevant history of the FLSA.  Following that discussion, the Court will explain, in turn, why waiting for

security screening, proceeding through security screening, and time spent walking between security and the time clock area are not compensable activities pursuant to the FLSA.  Because none of these activities constitute compensable "work," Plaintiff's FLSA claims are dismissed.  Plaintiff's WPCL claims are derivative of his FLSA claims, so they are also dismissed.

### A. History of FLSA Coverage

Congress enacted the FLSA in 1938 to correct existing "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  The FLSA does not specifically define "work."  The Supreme Court originally interpreted work broadly, including activities such as walking from the entrance of a site to the employee's actual work location.  See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 691-92 (1946); Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944).

In response to the Supreme Court's broad construction of "work," Congress amended certain provisions of the FLSA in 1947 with the Portal-to-Portal Act, 29 U.S.C. § 254(a), which states, in relevant part:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities . . .
>
> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. . . .

The Supreme Court, in Steiner v. Mitchell, interpreted the Portal-to-Portal Act to mean that "preliminary" and "postliminary"activities are compensable only if they are an "integral and indispensable part of the principal activities" for which a worker is employed.  350 U.S. 247, 255-56 (1956).  Applying this test, the Supreme Court has found that donning and doffing protective gear was "integral and indispensable" to the principal activities of battery plant employees exposed to dangerously caustic and toxic materials during their shifts, and time spent by slaughterhouse employees sharpening their knives was compensable as "an integral part of and indispensable to the various butchering activities" they performed.  Steiner v. Mitchell, 350 U.S. 247, 255-56 (1956); Mitchell v. King Packing Co., 350 U.S. 260, 263 (1956).

### B. Time Spent Waiting in Line to Go Through Security Screening

Plaintiff argues that time spent waiting in line to go through security screening should be compensable under the FLSA.  This argument is contrary to both the Portal-to-Portal Act's implementing regulations and the Supreme Court's interpretation of the Portal-to-Portal Act.  Pursuant to Steiner, this waiting time is only compensable if it is "integral and indispensable" to Class Members' principal activities.  Waiting time generally does not qualify as integral and indispensable.  See 29 C.F.R. § 790.7(g) (stating that "when performed under the conditions normally present," "checking in and out and waiting in line to do so" are considered non-compensable "'preliminary' or 'postliminary' activit[ies]").  In IBP, Inc. v. Alvarez, Plaintiff argued that time spent waiting to doff gear was compensable under the FLSA.  The Court opined that the "time spent waiting to don–time that elapses before the principal activity of donning integral and

indispensable gear–present the quite different question whether it should have the effect of advancing the time when the workday begins."  546 U.S. 21, 40 (2005).  The Court held that waiting time was "not 'integral and indispensable' in the same sense" as time spent donning gear, but rather "comfortably qualif[ied] as a 'preliminary' activity."  Id.  Just because "certain preshift activities are necessary for employees to engage in their principal activities does not mean that those preshift activities are 'integral and indispensable.'"[2]  Id.  The Court "was not persuaded that such waiting–which in this case is two steps removed from the productive activity on the assembly line–is 'integral and indispensable'" to the workers' principal activities.  Id. at 42.[3]

The Portal-to-Portal Act's implementing regulations, as discussed in Alvarez, recognize that certain waiting time is excepted from the general rule that waiting time is not compensable under the FLSA.  Pursuant to 29 C.F.R § 790.7(h), if "an employee is required by his employer to report at a particular hour . . . where he performs his principal activity" and "is there at that hour ready to work but for some reason beyond his control there is no work for him to perform until some time has elapsed, waiting for work," that is considered an integral part of the employee's principal activities and compensable.  Plaintiff claims that Class Members should be compensated for waiting time because they arrive at the workplace ready and willing to engage in the work for which they are employed, but are sometimes pulled aside and searched for security reasons.  However, this

─────────────────

[2] Here, waiting time for the screening process is not always necessary.  Employees are randomly selected for screening and do not have to go through security every day.  (Complaint ¶ 20).

[3] It is generally accepted post-Alvarez that waiting time is not a compensable activity under the FLSA.  See De Asencio v. Tyson Foods, Inc., 500 F.3d 361, 364 n.5 (3d Cir. 2007) (noting that although appellants' expert had originally estimated that certain activities, including "swiping of time card and time spent before the donning of gear," took 15.7 minutes, appellants conceded that these activities were noncompensable after Alvarez).

argument fails because Plaintiff does not allege that he is required to show up for screening at a particular time, the employer is not ready for him to commence work, and there is insufficient work. Therefore, Plaintiff's claim for compensation for time spent waiting in line to go through security screening must fail.

### C. Time Spent Participating in Security Screening

Plaintiff next argues that time spent actually going through security screening should be compensated under the FLSA. Time spent clearing security is likewise only compensable if it is "integral and indispensable" to Class Members' principal activities. Unlike Steiner and Mitchell, where the Supreme Court deemed that battery workers' cautionary practices associated with handling toxic materials and slaughterhouse workers' butchering and sharpening knives meet this standard, there is no clear link between Class Members' principal activities and their procession through security.

To this Court's knowledge, every court which has addressed this issue has found that time spent participating in security screening is not compensable under the FLSA. See Gorman v. The Consolidated Edison Corp., 488 F.3d 586, 592-93 (2d. Cir. 2007) (holding that while security procedures including "waiting in line and passing through a radiation detector, x-ray machine, and explosive metal detector" were necessary "in the sense that they were required and serve the essential purpose of security," they were not "integral" to the nuclear power station's employees principal activities but were noncompensable preliminary and postliminary activities); Bonilla v. Baker Concrete Construction, Inc., 487 F.3d 1340, 1345 (11th Cir. 2007) (concluding that time spent going through airport security to report to work was not compensable under the FLSA; Anderson v.

Perdue Farms, – F. Supp. 2d –, No. 06-01000, 2009 WL 653027, at *15-16 (granting Defendant's summary judgment motion with respect to "time spent clearing security and time spent walking from where Plaintiffs clear security to the employee lounge or locker rooms," despite the Court denying Defendant's motion for summary judgment on four other claims because "[t]he law is clear that Plaintiffs are not entitled to compensation for this time").[4]  These cases are difficult hurdles for Plaintiff to overcome because there appears to be a greater necessity to go through security screening on the site of a nuclear power plant, for instance, than that of a mail sorting facility.

Plaintiff does not cite any authority in support of his claim that time spent going through security screening is compensable.  Instead, Plaintiff makes three arguments to avoid dismissal, none of which persuades the Court that the time in question is compensable under the FLSA.  First, Plaintiff argues that Gorman, Bonilla, and Anderson, supra, cases establishing that time spent going through security screening is not compensable, are distinguishable from the present case.  Plaintiff argues that the present case is different because not all employees are subject to search and a federal mandate for the searches does not exist.  However, these facts do not bear on whether the screening is "integral and indispensable" to the Class Members' principal activities, which is the relevant inquiry.  Moreover, not all employees were searched in Anderson.  See Anderson, 2009 WL 653027, at *2 ("Employees do not normally stop at the security checkpoint, but they are subject to having their belongings searched.").

Related to Plaintiff's first argument, Plaintiff's second argument is that because

---

[4] Defendant also makes a convincing argument that holding security screening time to be a compensable activity under the FLSA would affect thousands of workplaces and create "wholly unexpected liabilities" that Congress sought to rectify by passing the Portal-to-Portal Act.  See Steiner, 350 U.S. at 253-54.

Defendant on a daily basis randomly selects employees to pass through security, Defendant has transformed this preliminary and postliminary activity into a principal activity. However, Plaintiff provides no authority to support this assertion. Moreover, the assertion seems illogical. This Court fails to grasp how an activity that is not integral and indispensable to the Class Members' primary activities somehow becomes integral and indispensable because it occurs on some workdays. An activity that is not required to be performed daily and is engaged in on a random basis hardly qualifies as integral and indispensable because it entails time of some employees every day.

Finally, to avoid dismissal, Plaintiff argues that "courts in the Third Circuit have been consistent in finding that it would be 'hasty' to rule on the mixed law/fact question of whether activities are compensable 'work' without developing a record," citing to De Asencio v. Tyson Foods, Inc., 500 F.3d 361, 364-365 (3d Cir. 2007) and Lugo v. Farmer's Pride, Inc., No. 07-00749, 2008 WL 161184 (E.D. Pa. Jan. 15, 2008) (Pl's Response at 6). While this Court agrees with the holding in these cases, they are inapposite, and the reasons those Courts were reluctant to dismiss plaintiffs' claims are inapplicable here. Those cases dealt with donning and doffing, which are not at issue in this case. Dismissal of the claims was inappropriate in those cases because there was significant disagreement among courts that had considered whether donning and doffing constituted work, and facts might be marshalled to prove that time associated with donning and doffing could constitute work. De Asencio, 500 F.3d at 365-365, Lugo, 2008 WL, at *6. Here, courts have agreed that security screening procedures do not constitute work, and are not integral and indispensable to principal activities. Precedent establishes that time spent undergoing security screening is not compensable, and Plaintiff has advanced no persuasive

9

reason why this case falls outside this rule.  Accordingly, Plaintiff's claim for compensation for security screening time also fails.

### D. Time Spent Walking Between the Security Screening and the Time Clocks

Plaintiff's third claim is that he should be compensated for time it takes Class Members to walk from Defendant's entrance to Defendant's facility, where they clock in, and the time it takes them after clocking out at Defendant's facility to walk to the exit.  This claim also fails. The Portal-to-Portal Act was passed to overturn the Supreme Court's decision that made time spent walking from the entrance of a employer's site to the employee's actual work location compensable.  The Portal-to-Portal Act specifies that time spent "traveling to and from the actual place of performance" is not compensable.  29 U.S.C. § 254(a).  <u>See</u> <u>also</u> 29 C.F.R. § 790.7(f) (citing "walking or riding by an employee between the plant gate and the employee's lathe, workbench or other actual place of performance of his principal activity or activities" as examples of "traveling which may be performed outside the workday and would normally be considered 'preliminary' or 'postliminary' activities").  The Supreme Court also disposed of this issue in <u>Alvarez</u> when it noted, "walking from a timeclock near the factory gate to a workstation is certainly necessary for employees to begin their work, but it is indisputable that the Portal-to-Portal Act evinces Congress' intent to repudiate <u>Anderson</u>'s holding that such walking time was compensable under the FLSA."  546 U.S. at 541.

The only circumstances under which such traveling time would be compensable is if it occurs during the "continuous workday," meaning "after the employee commences to perform

the first principal activity on a particular workday and before he ceases the performance of the last principal activity on a particular workday." <u>Alvarez</u>, 546 U.S. at 28 (citing 29 C.F.R. § 790.6(a)).  Here, walking time is not compensable because it occurs before the workday begins and after it ends.  <u>See</u> <u>Alvarez</u>, 546 U.S. at 35.  Plaintiff alleges that the workday commences when Class Members enter the facility and wait for the security screening process to occur, and ends when they exit the facility after undergoing the security screening process.  Because the walking time occurs between these parameters of the work day, Plaintiff alleges it is compensable.  However, this Court has already rejected Plaintiff's argument that the security screening process constitutes "work" and is compensable as an integral and indispensable activity.  Plaintiff has alleged no principal activity which occurs prior to or after this walking time.  The compensable work day therefore appropriately commences when Class Members clock in and ends when they clock out, and Plaintiff's claim for compensation for time spent walking between security and time clocks should be dismissed.

### E. Plaintiff's WPCL Claim

Plaintiff has also brought a claim, on the same grounds, pursuant to the WPCL, 43 P.S. § 260.3.  Defendant argues, and Plaintiff agrees, that the WPCL does not create a substantive right of compensation, but only provides a remedy where an employee violated an independent contractual obligation to pay wages.  <u>See</u> <u>Sendi v. NCR Comten, Inc.</u>, 619 F. Supp. 1577, 1579 (E.D. Pa. 1985).  Defendant and Plaintiff also agree that there is no independent contractual obligation in this case, and thus wages would only be due if there is a violation of the FLSA.

11

(See Pl. Response at 9 n.3).  Because this Court has found that no FLSA violation occurred, Plaintiff's derivative WPCL claim is also dismissed.


## V.  Conclusion.

For the foregoing reasons, the Court grants Defendant DHL Express' Motion to Dismiss.

The Plaintiff has not sought leave to amend its complaint.  Nonetheless, "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). Under all circumstances here, amendment of the Complaint would be futile.  It is well-settled that time spent waiting for security screening and undergoing the screening is not compensable time.  No authority to the contrary has been cited by Plaintiff.  Because security screening time is noncompensable, it is appropriate to Dismiss the Complaint with prejudice.

An appropriate Order follows.